**INQUIRY COMMISSION,**
**Complainant,**

v.

**Nicholas G. HAWKINS, KBA Member No. 87412, Respondent.**

**No. 2004–SC–0753–KB.**

Supreme Court of Kentucky.

Nov. 18, 2004.

**OPINION AND ORDER**

LAMBERT, Chief Justice.

Pursuant to SCR 3.165(1), the Inquiry Commission has petitioned this Court to enter an order temporarily suspending Respondent, Nicholas G. Hawkins, from the practice of law in the Commonwealth of Kentucky. The Inquiry Commission asserts that there is probable cause to believe that: (1) Respondent has misappropriated funds held for others to his own use or has been otherwise improperly dealing with said funds; and (2) Respondent is addicted to intoxicants or drugs such that probable cause exists to believe that he does not have the physical or mental fitness to continue to practice law.

In its petition, the Inquiry Commission states that it received information from Max J. Goldsmith, the managing member of Respondent's former law firm, accusing Respondent of receiving and negotiating several settlement checks made payable to Respondent's clients and/or the law firm. The Inquiry Commission has submitted a sworn affidavit from Goldsmith detailing three such incidents. Goldsmith stated that on June 29, 2004, Respondent admitted to him that after procuring a client's endorsement on a settlement check, Respondent personally cashed the check and retained all of the proceeds. Goldsmith

also stated that on July 22, 2004, Respondent admitted to personally cashing a series of checks and retaining the proceeds from a settlement for a second client. Further, Goldsmith stated that Respondent received a settlement check for a prior client on July 31, 2003, that Respondent personally cashed the check, and that the client never received its portion of the settlement proceeds. Along with his affidavit, Goldsmith submitted supporting documentation, including the cancelled checks endorsed by Respondent and agreements providing the details of the above settlements. In his answer, Respondent claims that temporary suspension based on these allegations is unwarranted, but he submits no facts or documentation in support of this claim, other than the statement that he does not currently possess client funds and the vague assertion that "any monies owed, due or belonging to any existing or former client, in connection with Respondent's representation of that client has [sic] been turned over, paid, or otherwise conveyed to [said clients]."

In support of its second assertion, the Inquiry Commission has set forth three incidents in which Respondent appeared to be publicly intoxicated. First, on June 20, 2004, Respondent was arrested and charged with operating a motor vehicle while under the influence of alcohol/drugs. According to the uniform citation, Respondent told the arresting officer that he had taken the prescription drug Hydrocodone and that he had consumed a few cocktails. The arresting officer found an empty prescription bottle in Respondent's car. Results from a breathalyzer test showed Respondent's blood alcohol level as .240. Second, on June 26, 2004, Respondent was again arrested and charged with operating a motor vehicle under the influence of alcohol/drugs. According to the uniform citation and court records, Respondent refused a breathalyzer and field sobriety test, but the arresting officer noted that Respondent smelled of alcohol, was unsteady on his feet, and told the officer that he had consumed five beers. The record does not reflect whether Respondent was convicted of either of the above charges. Third, the Inquiry Commission has submitted an affidavit from Nick Nasier, a Jefferson County Sheriff's Deputy. Nasier states that on July 8, 2004, while Nasier was serving as a bailiff in Jefferson District Court, Respondent appeared on behalf of a client while exhibiting a strong smell of alcohol.

For his part, Respondent denies that he is addicted to intoxicants or drugs and states his willingness to submit to a physical or mental examination by a Court-appointed physician. Respondent avers that on July 22, 2004, he admitted himself to a six-week treatment program for alcohol abuse at Baptist Hospital East (BHE), and that he has successfully completed this program. According to Respondent, he also continues to participate in a post-treatment program at BHE, attends over six meetings of Alcoholics Anonymous (AA) per week, works with an AA sponsor weekly, and has abstained and continues to abstain from all intoxicants.

Accordingly, upon an examination of the Inquiry Commission's petition, the supporting documents attached to said petition, and the response, this Court finds probable cause, as set forth in SCR 3.165(1)(a), to believe that Respondent has misappropriated client funds to his own use or has otherwise improperly dealt with such funds. This Court also finds probable cause, under SCR 3.165(1)(b), to believe that Respondent's prior misappropriations pose "a substantial threat of harm to his clients or to the public." Because of Respondent's rehabilitation efforts, however, this Court makes no finding with regard to the charge that he lacks the men-

tal fitness to continue to practice law due to a drug or alcohol addiction.

It is hereby ordered that:

1. Respondent, Nicholas G. Hawkins, is temporarily suspended from the practice of law in the Commonwealth of Kentucky effective the date of this order and until superseded by subsequent order of this Court.

2. The Inquiry Commission shall commence disciplinary proceedings against Respondent pursuant to SCR 3.160, unless already begun or unless Respondent resigns under terms of disbarment.

3. Pursuant to SCR 3.165(5), Respondent shall, within twenty days from the date of the entry of this order, notify all clients in writing of his inability to continue to represent them and shall furnish copies of such notification letters to the Director of the Kentucky Bar Association.

4. Pursuant to SCR 3.165(6), Respondent shall immediately, to the extent reasonably possible, cancel and cease any advertising activities in which he is engaged.

All concur.

ENTERED: November 18, 2004.

/s/ Joseph E. Lambert
Chief Justice